UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FEATHERS,<br><br>       Plaintiff,<br><br>  v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>       Defendant. | Case No.  23-cv-05610-SVK<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 18 |

In the complaint in this case, Plaintiff Mark Feathers, appearing *pro se,* seeks damages and declaratory relief for alleged violations of his constitutional rights in connection with an administrative proceeding brought by Defendant United States Securities and Exchange Commission ("the SEC") relating to Feathers' violations of federal securities laws.  Dkt. 1.  Now before the Court is the SEC's motion to dismiss, in which the SEC argues that Feathers' complaint should be dismissed with prejudice because his claims are moot, barred by sovereign immunity, inadequately pled, and barred by res judicata.  Dkt. 18.  Dkt. 19.  All Parties have consented to the jurisdiction of a magistrate judge.  Dkt. 9, 17.[1]

The Court finds this matter suitable for determination without oral argument.  Civ. L.R. 7-1(b).  For the reasons discussed below, the SEC's motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND.**

I.     **BACKGROUND**

Feathers is a resident of Felton, California, which is located in this District.  *See* Dkt. 1 ¶ 9.

---

[1] The caption of the complaint identifies a second defendant, Thomas A. Seaman.  Dkt. 1 at 1 (Caption).  However, Plaintiff filed an errata clarifying that this was an inadvertent typo and that Mr. Seaman is not a defendant.  Dkt. 8.

Beginning in approximately 2007, Feathers, through his business Small Business Capital Corporation ("SBCC"), offered and sold more than $46 million of securities in two investment funds, Investors Prime Fund, LLC ("IPF") and SBC Portfolio Fund, LLC ("SBF"). *See* Dkt. 18 at 2. The SEC claims that contrary to representations that Feathers, IFP, and SPF made to their investors, Feathers caused the investment funds to repeatedly make secret, unsecured loans to SBCC, ultimately to benefit Feathers and SBCC. *See id.* The SEC and the Department of Justice instituted a series of civil, administrative, and criminal actions against Feathers, as follows:

- *SEC v. SBCC:* In June 2012, the SEC filed a civil action against Feathers, SBCC, IPF, and SPF in this District, alleging violations of federal securities laws. *See SEC v. SBCC*, N.D. Cal. Case No. 5:12-cv-03237-EJD ("*SEC v. SBCC*"). In August 2013, the district court granted the SEC's motion for summary judgment, finding that Feathers committed securities fraud and violated federal broker-dealer registration provisions. *See SEC v. SBCC*, 2013 WL 4455850, at *14-15 (N.D. Cal. Aug. 16, 2023). In November 2013, the district court permanently enjoined Feathers from future violations of federal securities laws. *See SEC v. SBCC*, 2013 WL 5955669 (N.D. Cal. Nov. 6, 2013). Feathers appealed, and the Ninth Circuit affirmed. *SEC v. Feathers*, 774 F. App'x 354, 356 (9th Cir. 2019), *amended in part*, 773 F. App'x 929 (9th Cir. 2019). Afterwards, Feathers filed numerous unsuccessful motions for relief in the district court. *See, e.g., SBC v. SBCC*, N.D. Cal. Case No. 5:12-cv-03237-EJD, Dkt. 1286, 1361, 1365, 1367, 1381, 1392, 1393, 1404, 1408.

- *United States v. Feathers*: In October 2014, also in this District, Feathers was charged with 29 counts of securities and mail fraud arising from the same securities fraud that was at issue in *SEC v. SBCC*. *See United States v. Feathers*, N.D. Cal. Case No. 5:14-CR-00531-LHK ("*United States v. Feathers*"), Dkt. 1. Feathers pleaded guilty to one count of mail fraud in March 2018. *Id.* at Dkt. 170. The court sentenced him to 33 months of imprisonment and imposed a restitution penalty of over $5.7 million. *Id.*

2

- ***Feathers v. United States***:  In May 2015, Feathers filed a complaint in this District alleging violations of his constitutional rights and various statutes based on an alleged error in the declaration of an SEC accountant filed in the earlier case of *SEC v. SBCC*.  *Feathers v. United States*, N.D. Cal. Case No. 5:15-cv-02194-PSG ("*Feathers v. United States*").  The court granted the government's motion to dismiss for lack of subject matter jurisdiction, holding that sovereign immunity barred all of Feathers' claims.  *See Feathers v. United States*, 2015 WL 7734291, at *3 (N.D. Cal. Dec. 1, 2015).

- ***Matter of Feathers***:  In February 2014, the SEC's Division of Enforcement initiated an administrative proceeding ("*Matter of Feathers*") in which it sought to bar Feathers from the securities industry.  Ultimately, an ALJ issued an order in September 2020 barring Feathers from the securities industry.  *Matter of Feathers*, Exchange Act Release No. 1403, 2020 WL 5763383 (ALJ Sept. 25, 2020).  Feathers filed a Petition for Review of the ALJ's decision, which the Commission granted.  *See Matter of Feathers*, Exchange Act Release No. 34-90380, 2020 WL 6581207 (Nov. 9, 2020).  The administrative action was eventually dismissed, as explained in the discussion of *Feathers v. SEC I* below.

- ***Feathers v. SEC I***:  On October 5, 2022, while the Commission was still reviewing the ALJ's decision, Feathers filed an action in this District, *Feathers v. SEC*, N.D. Cal. Case No. 3:22-cv-05756-JD ("*Feathers v. SEC I*").  The complaint in that case, which was accompanied by a motion for temporary restraining order ("TRO"), sought compensatory damages of not less than $5 million stemming from the SEC's administrative action against him in *Matter of Feathers* and an injunction to stop the proceeding.  *Id.*, Dkt. 1, 2.  On November 29, 2022, the judge in that action, The Honorable James Donato, denied the TRO and dismissed the Complaint.  *Feathers v. SEC I*, 2022 WL 17330840 (N.D. Cal. Nov. 29, 2022).  The court held that Feathers' damages claims were barred by sovereign immunity, the complaint otherwise failed to state a claim, and the standards for issuing a TRO

3

1  were not met. *Id.* Feathers filed an amended complaint the same day, and the SEC
2  moved to dismiss the amended complaint. *Feathers v. SEC I,* Dkt. No. 19, 22. In
3  or around June 2023, while the motion to dismiss was pending, the SEC issued an
4  order dismissing *Matter of Feathers* and dozens of other cases because of a
5  "control deficiency" in which the Division of Enforcement staff had access to
6  memoranda of SEC Adjudication staff. *See Feathers v. SEC I*, Dkt. No. 33-1 at
7  ECF 1-2. Thereafter, on June 15, 2023, Judge Donato, dismissed the amended
8  complaint in that case as moot. *Feathers v. SEC I,* Dkt. 37. Feathers sought
9  clarification or reconsideration of the ruling. *Feathers v. SEC I*, Dkt. 38-40. Judge
10 Donato rejected the motions, and the order stated that "[i]f plaintiff wishes to
11 pursue new claims against the SEC, he may file a new lawsuit." *Feathers v. SEC I*,
12 Dkt. 45.

- ***Feathers v. SEC II*** (this action): On October 31, 2023, Feathers filed the complaint in this action. Dkt. 1.

In his complaint in this case, Feathers alleges that "[f]rom January 2014 through June 2023 Defendant Securities and Exchange Commission engaged in unconstitutional litigation against Plaintiff … in its federal agency law forum." *Id*. ¶ 1 (citing Ex. 1 to the Complaint, a docket sheet from *Matter of Feathers*). Feathers alleges that he and his companies were exempted from SEC regulation because of a securities permit issued by the California Department of Corporations. *Id.* ¶ 2 and Ex. 2; *see also id.* ¶¶ 5-6. Feathers further alleges that in *SEC v. SBCC,* "SEC withheld its knowledge from district court it held no regulatory authority over Feathers." *Id.* ¶ 3. Feathers claims that only when he filed *Feathers v. SEC I* did the SEC terminate its agency proceedings in *Matter of Feathers*. *Id.* ¶ 4. He claims that he suffered "4th Amendment violations of selective prosecution due to his need to devote almost a decade and countless hours to defend himself against SEC's wrongful prosecution." *Id.* ¶ 7. He further alleges that he has "suffered from discriminatory and unlawful treatment in violation of the Takings, Due Process, and Equal Protection Causes of the United States Constitution and Bill of Rights." *Id.* ¶ 11.

Feathers allegedly suffered financial hardships due to "a seizure of [his] assets and sources

of income" and "a prior restitution order of some $6 million" in *SEC v. SBCC*. *Id.* ¶¶ 3, 11.  He also claims he suffered "substantial emotional distress and mental anguish as a natural and foreseeable consequence of Defendant's wrongful prosecution." *Id.* ¶ 21.

The SEC filed a motion to relate this case to *Feathers v. SEC I*, which Feathers opposed. Dkt. 11, 12; *see also* Dkt. 14, 15.  Judge Donato declined to relate the cases.  Dkt. 16.

Now before the Court is the SEC's motion to dismiss the complaint in this case, which Feathers opposes.  Dkt. 18 (motion); Dkt. 19 (opposition); Dkt. 21 (reply).

## II. PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Included in Feathers' opposition to the motion to dismiss is a request that the Court take judicial notice of various contentions.  *See* Dkt. 19 at 7-8.  Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Eight of the nine items identified by Feathers ask the Court to judicially notice that certain information is not included in the SEC's motion to dismiss.  Dkt. 19 at 7-8 (items 1-7 and 9).  These items are simply arguments by Feathers and do not fall into any category of judicially noticeable information in FRE 201(b).  The remaining item asks the Court to take judicial notice of language in Plaintiff's offering documentation, but the Court has not considered that language in ruling on the motion to dismiss.  Accordingly, Feathers' request for judicial notice is **DENIED.**

## III. DISCUSSION

The SEC argues that the complaint should be dismissed for several reasons.  First, the SEC argues that Feathers' claims in this case are moot, just as Judge Donato found his claims to be in *Feathers v. SEC I*.  Second, the SEC argues the Court lacks subject matter jurisdiction because the relief sought by Feathers is barred by sovereign immunity.  Third, the SEC argues that even if the Court has subject matter jurisdiction, the complaint in this case fails to state a claim.

### A. Mootness

#### 1. Legal Standard

"A federal court lacks jurisdiction to hear a case that is moot." *Bishop Paiute Tribe v. Inyo*

5

1 *Cnty.*, 863 F.3d 1144, 1155 (9th Cir. 2017). "A case is moot where no actual or live controversy
2 exists." *Id*. (internal citation and quotation marks omitted).  If it is no longer possible that the
3 plaintiff can obtain relief for his claim, the claim is moot and must be dismissed for lack of
4 jurisdiction.  *Id*.  "Because mootness pertains to a federal court's subject-matter jurisdiction under
5 Article III, it is properly raised in a motion to dismiss under Federal Rule of Civil Procedure
6 12(b)(1)."  *Whitaker v. Gundogdu, Inc.*, No. 21-CV-03132-JSC, 2021 WL 5937659, at *2 (N.D.
7 Cal. Dec. 16, 2021) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).

### 2.   Analysis

As discussed above, Judge Donato ultimately dismissed *Feathers v. SEC I* based on mootness.  In its motion to dismiss, the SEC argues that "the Court's dismissal of *Feathers v. SEC I* for mootness precludes Feathers from filing any further complaints based on *Matter of Feathers*" and that the mootness dismissal "should dictate that this case is also dismissed for mootness, since the two cases are based on the same facts."  Dkt. 18 at 8.  Feathers argues that the present case is not moot.  *See* Dkt. 19 at 5.  He explains that in *Feathers v. SEC I* he "sought a TRO against Defendant's litigation," and in this case he "seek[s] relief from defendant wrongfully and unconstitutionally, from 2014-2023, placing him in a state of constant and uninterrupted litigation."  *Id.* at 5, 9.  Feathers asserts that "Defendant's termination of its administrative proceedings against Plaintiff does not in any way undo, or make moot, the duress and other harm brought onto Plaintiff during that decade."  *Id.* at 5.

The dismissal of *Feathers v. SEC I* for mootness does not dictate dismissal of this action on the same grounds.  As discussed above, in the earlier case Feathers originally sought both monetary damages and an injunction against the SEC administrative proceedings.  *Feathers v. SEC I*, Dkt. 1, 2.  At the time Judge Donato issued an order dismissing the original complaint (with leave to amend) and denying Feathers' request for TRO, the administrative proceeding in *Matter of Feathers* was still underway.  *See id*., Dkt. 18 at 1.  Judge Donato found that Feathers' claim for monetary damages was barred by sovereign immunity and that Feathers had failed to establish grounds for issuance of a TRO.  *Id.*  Feathers subsequently filed an amended complaint that sought a determination that the SEC proceeding in *Matter of Feathers* was improper.  *Id.*,

1    Dkt. 19.  In his order dismissing the amended complaint, Judge Donato reviewed the history of the
2    case and found that "[t]he amended complaint responded to the order of dismissal [of the original
3    complaint] by omitting a request for monetary damages." *Id.*, Dkt. 37 at 1.  Judge Donato then
4    dismissed the amended complaint as moot because while the SEC's motion to dismiss the
5    amended complaint was pending, the SEC had dismissed and closed *Matter of Feathers*.  *Id.*

6    Thus, the mootness holding in *Feathers v. SEC I* was in the context of termination of the
7    administrative proceeding in *Matter of Feathers* that Feathers sought to enjoin or have declared
8    improper.  This case, by contrast, seeks monetary damages for harm Feathers claims to have
9    suffered as a result of the SEC's proceedings against him.  In its reply on the motion to dismiss,
10   the SEC concedes that "the barrier to Feathers obtaining damages for his alleged suffering is not
11   the mootness of damages; it is sovereign immunity." Dkt. 21 at 2.  The Court agrees that
12   Feathers' damages claim is not moot, although as discussed below it must be dismissed for other
13   reasons.

14   As the SEC points out, the complaint in this case also seeks a determination that the SEC's
15   prosecution of him was "wrongful."  Dkt. 1 at 4.  To the extent Feathers seeks declaratory relief
16   regarding the administrative proceeding in *Matter of Feathers*, that claim is moot because the
17   administrative proceeding has been terminated and Feathers concedes that his complaint does not
18   present a concern that the SEC will reopen the proceedings.  *See* Dkt. 19 at 9; *see also*
19   *Headwaters, Inc. v. Bureau of Land Mgmt.*, 893 F. 2d 1012, 1015 (9th Cir. 1989) ("[a] case or
20   controversy exists justifying declaratory relief only when the challenged government activity … is
21   not contingent [and] has not evaporated or disappeared" (internal quotation marks and citations
22   omitted)).

23   Accordingly, Feathers' claim for damages is not moot, although it must be dismissed for
24   other reasons discussed below.  Plaintiff's claim for declaratory relief is **DISMISSED** as moot
25   because the administrative proceeding that is the subject of the claim for declaratory relief has
26   been terminated.  In light of this holding, the Court does not reach the SEC's argument that the

27
28

adjudication of mootness in *Feathers v. SEC I* precludes re-litigation of mootness in this case.[2]

### B. Sovereign Immunity

#### 1. Legal Standard

When sovereign immunity bars an action, the action is subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997); *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) ("Rule 12(b)(1) is … a proper vehicle for invoking sovereign immunity from suit"). If a defendant brings a facial attack on the district court's subject matter jurisdiction under Rule 12(b)(1), the court assumes the plaintiff's factual allegations to be true and draws all reasonable inferences in his favor. *Wolfe v. Strankman*, 392 F.3d 358, 360 (9th Cir. 2004). However, courts do not presume the truthfulness of legal conclusions contained in the complaint. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

#### 2. Analysis

As discussed in section III.A.2. above, the complaint alleges that Feathers suffered monetary damages as a result of the SEC's litigation and enforcement actions against him. *See* Dkt. 1 ¶¶ 3, 11, 18.[3] The SEC argues that any claim for monetary damages is barred by the doctrine of sovereign immunity and must be dismissed.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "It is axiomatic that the United States

---

[2] To the extent Feathers points to Judge Donato's decision not to relate this case to *SEC v. Feathers I* as evidence that the prior proceeding is not relevant (*see* Dkt. 19 at 10), that argument is without merit. A related case determination is made pursuant to Civil Local Rule 3-12, which concerns the assignment of cases in the district. It has nothing to do with the relevance, res judicata effect, or collateral estoppel effect of prior proceedings. *See Giles v. Hotel Oakland Assocs.*, No. C-90-1190-MHP, 1991 WL 377997, at *3 (N.D. Cal. Mar. 8, 1991).

[3] In his opposition to the motion to dismiss, Feather disputes the SEC's statement that he is claiming $6 million in damages. Dkt. 19 at 5. He clarifies that he may "eventually" consider asking for relief from the prior restitution order in *SEC v. SBCC* of approximately $6 million but that is "altogether different than to 'make a claim for $6M.'" *Id*. However, the cited portions of the complaint and Feathers' opposition to the motion to dismiss make clear that he seeks some amount of "damages [the SEC] brought onto Plaintiff from its wrongful prosecution spanning ten calendar years." Dkt. 19 at 2; Dkt. 1 ¶¶ 3, 11, 18.

1  may not be sued without its consent and that the existence of consent is a prerequisite for

2  jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  As relevant to this case, "[t]he

3  SEC is specifically immune from suit except in certain well-defined circumstances" and "may be

4  sued only in the limited circumstances where Congress has expressly waived sovereign

5  immunity." *Standifer v. S.E.C.*, 542 F. Supp. 2d 1312, 1316 (N.D. Ga. 2008) (internal quotation

6  marks and citations omitted).  "The party who sues the United States bears the burden of pointing

7  to such unequivocal waiver of immunity." *Holloman v. Watt,* 708 F.2d 1399, 1401 (9th Cir.

8  1983).

9        The complaint in this case asserts a violation of Feathers' constitutional rights and does not

10  identify claims under any statute, nor has Feathers identified any statutory waiver of sovereign

11  immunity for the SEC.  *See* Dkt. 1.  When the court in *Feathers v. United States* considered the

12  issue of sovereign immunity, it identified "three potential avenues" for Feathers' claims, as does

13  this Court:  (1) the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq.* ("APA"); (2) the

14  Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA"); and (3) a *Bivens* action.

15  *Feathers v. United States,* 2015 WL 7734291, at *2 (N.D. Cal. Dec. 1, 2015).  Just as with the

16  claims in *Feathers v. United States*, this Court concludes that Feathers' claims in this case do not

17  satisfy the requirements of any of these waivers.  *See id.; see also Feathers v. SEC I*, 2022 WL

18  17330840, at *1 (holding that original complaint in *Feathers v. SEC I* "demonstrates on its face a

19  lack of subject matter jurisdiction because damages claims against the SEC are barred by

20  sovereign immunity" (citations omitted)).

21        First, the APA waives sovereign immunity only for claims "seeking relief other than

22  money damages."  5 U.S.C. § 702.  Because any claim for declaratory relief is moot (as discussed

23  in section III.A.2. above), Feathers' only remaining claim is for monetary damages and does not

24  fall within the APA waiver.  *See Feathers v. United States*, 2015 WL 7734291, at *2.

25        Second, the FTCA provides a limited waiver of sovereign immunity for a federal agency

26  employee's tortious acts if such torts committed in the employ of a private person would give rise

27  to liability under state law.  28 U.S.C. § 1346(b); *see also Pereira v. U.S. Postal Service*, 964 F.2d

28  873 (9th Cir. 1992).  Here, however, Feathers alleges claims only under the United States

Constitution. *See* Dkt. 1 ¶¶ 7, 11. Accordingly, the FTCA's waiver of sovereign immunity does not apply. *See Feathers v. United States*, 2015 WL 7734291, at *3.

Third, a *Bivens* action provides an avenue for a plaintiff to seek remedies from a federal agent who commits a constitutional wrong. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action does not lie against the agency that employs the agent. *See Meyer,* 510 U.S. at 484-86. Feathers has not named any individual SEC employees as defendants. Moreover, he cannot amend his complaint to do so because, as in *Feathers v. United States*, "Feathers' [alleged] injury was caused by the SEC's decision to bring [] enforcement action[s] against him," not by the acts or errors of individual SEC employees. *See Feathers v. United States*, 2015 WL 7734291, at *3.

Accordingly, Feathers has not met his burden of identifying an unequivocal waiver of sovereign immunity that would allow him to sue the SEC for monetary damages, and none of the "three potential avenues" for such a waiver are available to him. Accordingly, Feathers' claim for monetary damages is **DISMISSED**.

C. **Failure to State a Claim**

1. **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must presume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This

"facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

If a motion to dismiss is granted, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### 2. Analysis

The complaint in this case contains a conclusory recitation of purported constitutional violations, none of which plausibly state a claim. Feathers alleges that he "suffered 4th Amendment violations of selective prosecution due to his need to devote almost a decade and countless hours to defend himself against SEC's wrongful prosecution." Dkt. 1 ¶ 7. However, he has failed to allege any search or seizure actionable under the Fourth Amendment. *See United States v. Jacobsen*, 466 U.S. 109, 113 (1984)  Feathers also alleges that he "suffered from discriminatory and unlawful treatment in violation of the Takings, Due Process, and Equal Protection Clauses of the United States Constitution and Bill of Rights." Dkt. 1 ¶ 11; *see also id.* ("Plaintiff's claim is governed by the Fourth, Fifth, and other possible Amendments to the United States Constitution and the Bill of Rights which may be applicable"). There are no facts to establish any plausible constitutional violation under this open-ended laundry list of constitutional provisions. Accordingly, as with the original complaint that was dismissed in *Feathers v. SEC I*, "nothing in the way of facts are alleged to plausibly make out constitutional torts." *Feathers v. SEC I*, Dkt. 18 at 4. Even if Feathers had included facts to plausibly support constitutional claims, those claims would nonetheless be subject to dismissal because "[d]amages are not available against a federal agency for constitutional violations." *Feathers v. SEC I*, Dkt. 18 at 4.

The gravamen of Feathers' complaint in this case is that he and his companies were not subject to regulation by the SEC and therefore the SEC's enforcement actions, which he alleges have caused him financial injury, were improper. *See, e.g.,* Dkt. 1 ¶ 3 (alleging that "[p]rior to its agency law proceedings SEC withheld its knowledge from district court it held no regulatory authority over Feathers"); *id.* ¶ 6 (alleging that "SEC always held awareness of Plaintiffs exemptions from its regulatory scheme …"). Feathers prefaces these allegations with an

explanation that his companies had a "securities permit" issued by the California Department of Corporations. *Id.* ¶ 2 and Ex. 2; *see also id.* ¶ 5 (quoting language from offering documents that securities were being offered and sold pursuant to a permit granted by the California Commissioner of Corporations). However, Feathers has provided no support in either the Complaint or in his opposition to the motion to dismiss for his apparent premise that the California agency had the *exclusive* authority to regulate him. *See* Dkt. 1, 19.[4]

Accordingly, even if Feathers' allegations are not moot or barred by sovereign immunity, they fail to state a claim and are therefore **DISMISSED.**

### D. Leave to Amend

The SEC acknowledges that a district court ordinarily must grant leave to amend but argues that considerations of futility, Feathers' repeated failure to cure deficiencies in other actions, his bad faith, and his prejudicial repetitive filings justify denying Feathers leave to amend. Dkt. 18 at 12. Feathers requests that he be allowed an opportunity to cure any defects found in the complaint. Dkt. 19 at 12.

Given the extensive history of litigation between the Parties, the Court concludes that giving Feathers leave to amend his complaint would be futile. Feathers is proceeding in this action *pro se*, which under typical circumstances would weigh in favor of granting him leave to amend. However, Feathers is a seasoned litigant in this District on claims against the SEC. He was unable to cure his claims by amendment in *Feathers v. SEC I*. It is reasonable to infer that if he could plead an exception to sovereign immunity (which the courts in both *Feathers v. United States* and *Feathers v. SEC I* identified as an obstacle to his claims), he would have done so in his complaint in this action. Similarly, if there were facts to support the alleged constitutional violations, which also were found deficient in *Feathers v. SEC I*, he would have included them in what is effectively at least his third attempt to do so. Feathers does not identify any information he could add to his complaint that would address the deficiencies noted in this order.

Accordingly, the complaint is **DISMISSED WITHOUT LEAVE TO AMEND.** *See*

---

[4] The Court finds it unnecessary to reach the SEC's argument that res judicata bars Feathers' claim regarding the SEC's authority. *See* Dkt. 18 at 11.

*Golden v. Intel Corp.*, 642 F. Supp. 3d 1066, 1073 (N.D. Cal. 2022) (denying *pro se* plaintiff leave to amend where he "had multiple suits, with nearly identical allegations" dismissed on similar grounds).

## IV. CONCLUSION

For the foregoing reasons, the SEC's motion to dismiss the complaint is **GRANTED** and the complaint is **DISMISSED WITHOUT LEAVE TO AMEND.**

**SO ORDERED.**

Dated: March 14, 2024

SUSAN VAN KEULEN
United States Magistrate Judge

13